588 F.2d 1206
 18 Fair Empl.Prac.Cas. 1391, 18 Empl. Prac.
Dec. P 8768
Patricia A. KEMPF, Appellant,
v.
R. & E. TRANSIT COMPANY, Chromalloy American Corporation and
American Transit Corporation, Appellees.
 No. 78-1398.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 12, 1978.
Decided Dec. 20, 1978.
 
 Charles P. Todt and Susan M. Hammer, Clayton, Mo., for appellant.
 Carol E. Jackson, Thompson & Mitchell, St. Louis, Mo., for appellees; Charles A. Newman, St. Louis, Mo., on brief.
 Before HEANEY, ROSS and McMILLIAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Patricia A. Kempf appeals from an order of the District Court, dismissing her complaint for lack of federal jurisdiction. Kempf alleged that the appellees' action in terminating her employment as a "dispatcher supervisor," and its refusal to reassign her to a bus driving position constituted sex discrimination in violation of the equal protection and due process clauses of the Fifth and Fourteenth Amendments to the Constitution. Federal jurisdiction was alleged under 28 U.S.C. §§ 1331, 1343(3).
 
 
 2
 We agree that Kempf's action was properly dismissed. Federal question jurisdiction under § 1331 requires the statement of a claim which "arises under the Constitution, laws, or treaties of the United States." Since Kempf made no allegations that the actions of appellees were in any way state or federal actions, and alleged no facts from which state or federal involvement in the actions of appellees could be inferred, she failed to state a claim arising under the Fifth or Fourteenth Amendments to the Constitution which would support a finding of federal jurisdiction under § 1331. See Junior Chamber of C. of K. C., Mo. v. Missouri St. J. C. of C., 508 F.2d 1031, 1033 (8th Cir. 1975). Since § 1343(3) also requires the deprivation of a "right, privilege or immunity secured by the Constitution * * * or by any Act of Congress," and, in addition, explicitly requires that the deprivation of such right be made under color of state law, Kempf's attempt to invoke jurisdiction under this section likewise fails.
 
 
 3
 Kempf also contends that the District Court erred in not compelling the appellees to answer her interrogatories, since the answers to these interrogatories would have disclosed state and federal involvement in the appellees' activities sufficient to state a constitutional claim. Fed.R.Civ.P. 12(h)(3) provides that the court shall dismiss an action brought in federal court whenever it appears that the court lacks jurisdiction of the subject matter. Thus, the District Court's dismissal was proper.[1]
 
 
 4
 The judgment is affirmed.
 
 
 
 [1]
 Since Kempf's complaint was dismissed for lack of federal jurisdiction, it was dismissed without prejudice. See Fed.R.Civ.P. 41(b). Kempf is therefore free to refile her action in federal court